WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Terrance L King,

Petitioner,

v.

Ryan Thornell, et al.,

Respondents.

No. CV-24-00526-PHX-SHD

**ORDER**

Pending is Petitioner Terrance L. King's Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice. (Doc. 16.) The R&R further recommended that a Certificate of Appealability be denied. (*Id.* at 13.) King filed an Objection to the R&R, (Doc. 19), which is fully briefed, (Doc. 20). For the reasons set forth below, King's objection will be overruled, the R&R will be adopted, and the Petition will be **denied with prejudice**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The R&R discusses the procedural and factual background of this case at length, (*see* Doc. 16 at 1–5), but the background as pertinent to the Objection is as follows. After a jury trial in Maricopa County Superior Court, King was convicted. (*Id.* at 2.) King appealed, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), avowing he was unable to find error or arguable questions of law. (*Id.* at 2–3.) On June 8, 2021, the Arizona Court of Appeals affirmed King's convictions and

sentences.  (*Id*.)  King did not file a motion for reconsideration or petition for review, and the Mandate issued on August 26, 2021.  (*Id*.)

King timely filed a Post-Conviction Relief Petition ("PCR Petition") with the Superior Court presenting seven issues, none of which are relevant here.  (*Id*. at 3-4.)  King then moved to amend his PCR Petition to add a claim of ineffective assistance of counsel under *State v. Donald*, 10 P.3d 1193 (Ariz. Ct. App. 2000) (the "*Donald* Claim").  (Doc. 16 at 4.)  The Superior Court denied his motion but nonetheless allowed him to raise his *Donald* Claim in his Reply.  (*Id*.)  On January 23, 2023, the Superior Court dismissed the PCR Petition, citing King's rejection of the State's plea offer with full knowledge of the risks of trial as a reason for denial, as well as his failure "to specify any acts or omissions [of counsel] that fell below the objective standard of reasonableness or any deficiency that prejudiced his defense."  (*Id*.)

King filed a Petition for Review in the Arizona Court of Appeals that challenged the Superior Court's procedural rulings concerning the PCR Petition, rather than the substance of the denial of that petition.  (*Id*. (citing Doc. 13-3, Exhibit X at 113–14 (PCR Petition)).)  The Court of Appeals granted review but denied relief, finding that King had not established that the Superior Court abused its discretion.  (Doc. 16 at 5.)

King then filed the Petition raising only the *Donald* claim.  (*Id*.)  Respondents argue that the *Donald* claim was (a) not cognizable because King did not cite a violation of the United States Constitution or federal law, and (b) procedurally defaulted.  (Doc. 13 at 5–12.)  In his Reply, King argued that he did not cite law due to the instructions on the form, and that his claim was not procedurally defaulted because his *Donald* Claim was "more than adequately presented" to the Superior Court.  (Doc. 15 at 2-3.)

## II.    R&R ANALYSIS

A federal district court may grant a writ of habeas corpus under 28 U.S.C. § 2254 when a petitioner is "a person in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). These petitions are governed by the Antiterrorism and Effective Death Penalty Act, which

imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *Id.* § 2244(d)(1).

On March 26, 2025, the Magistrate Judge issued an R&R recommending the Petition be denied because even if King had raised a cognizable habeas claim based on a violation of the United States Constitution or federal law, his *Donald* Claim was procedurally defaulted. Specifically, after setting forth the pertinent law governing procedural default under 28 U.S.C. § 2254, (Doc. 16 at 6, 8–9), the Magistrate Judge found that King did not "fairly present" his *Donald* Claim to the Arizona Court of Appeals in his Petition to for Review of the Superior Court's denial of his PCR Petition because he challenged only whether the Superior Court *considered* his *Donald* Claim, not whether the Superior *improperly denied* his *Donald* Claim. (*Id.* at 11–12.) Simply put, King "did not present the operative facts or the legal theory on which the [*Donald* Claim] is based to the Arizona Court of Appeals," and thus the Court of Appeals never had a chance to weigh in on the merits of the *Donald* Claim. (*Id.*) The Magistrate Judge further noted that King did not even try to demonstrate cause for his procedural default, nor is any cause apparent since he raised other arguments in his Petition for Review and easily could have presented the facts and law supporting his *Donald* Claim. (*Id.* at 12.) Finally, the Magistrate Judge found that King failed to present any evidence of actual innocence and thus failed to show that a fundamental miscarriage of justice will occur absent consideration of the merits. (*Id.*)

## III.    DISCUSSION

District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985.) A magistrate judge's findings and recommendations must be reviewed "de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Thus, de novo review is required only of the portions of a magistrate

judge's "recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009).

In King's lengthy Objection, he fails to address the Magistrate Judge's central finding that his only claim in the Petition is procedurally defaulted—that is, that his failure to adequately present his *Donald* Claim to the Arizona Court of Appeals precludes habeas relief. Indeed, after acknowledging the basis for the Magistrate Judge's ruling, (*see* Doc. 19 at 2 (acknowledging the Magistrate Judge's finding that he "failed to properly present his [*Donald* Claim] to the Arizona Court of Appeals")), he ignores it entirely, making no argument that he properly exhausted the claim at the Court of Appeals. (*See generally id*.) Instead, he makes irrelevant arguments about (a) his use of a standard form in this Petition and (b) the proceedings before the Superior Court, including his challenges to its procedural rulings concerning his *Donald* Claim. (*Id.*)

Because King fails to even argue that he adequately raised his *Donald* Claim in his Petition for Review filed with the Arizona Court of Appeals, his Objection will be overruled and the R&R adopted in its entirety.

Accordingly,

**IT IS ORDERED** that the Report & Recommendation (Doc. 16) is **adopted**, and the Objection (Doc. 19) **is overruled**.

**IT IS FURTHER ORDERED** that the Petition in this case is **denied with prejudice**, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**. The Petition's dismissal is based on a plain procedural bar, and reasonable jurists would not find this procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 6th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge